Eastern District of Kentucky
F I L E D

JAN 0 7 2015

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

CRIMINAL ACTION NO. 14-106

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                       **PLEA AGREEMENT**

RISING DOUGH, INC.                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), Rising Dough, INC. (the "Defendant") will enter a guilty plea to Count 1 of the Information, charging a violation of 31 U.S.C. § 5324, Structuring Transactions to Evade Reporting Requirements. In exchange, the United States agrees that it will not file any additional charges against the Defendant or its officers pertaining to the structuring violations detailed in the Information and the Statement of Facts outlined herein.

2. The essential elements of Count 1 are:

    (a) The defendant knowingly structured, attempted to structure, or assisted in structuring a currency transaction;

    (b) The defendant knew of the domestic financial institution's legal obligation to report currency transactions in excess of $10,000; and

    (c) The purpose of the structured transaction was to evade that reporting requirement.

3.     As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)     The Defendant is a sub-chapter S corporation owned by family members Ta Shan Wang, Bi Chu Wang, Yao Chiang Wang, Teng Pin Wang. The primary business of the Defendant is food service. The Defendant owns a Pretzel Twister franchise with locations in Kentucky and Illinois, and through ownership interests in another family owned sub-chapter S corporation named Fortune Dough, Inc., operates two Lexington, Kentucky based Subway restaurants.

(b)     The Defendant maintained bank account ending in *9896 at Fifth Third Bank in Lexington, Kentucky. Yoke Yoong Chong is Yao Chiang Wang's wife, and along with the family's accountant, Ta Shan Wang and Bi Chu Wang, had signatory authority over Fifth Third Bank account ending in *9896.

(c)     Through its businesses the Defendant routinely received payments related to food sales in cash, and deposited the cash into Fifth Third Bank account ending in *9896, in Fayette County, in the Eastern District of Kentucky. The cash deposits were made by several persons, including Bi Chu Wang and Yoke Yoong Chong.

(d)     Under the Bank Secrecy Act, a domestic financial institution must file a Currency Transaction Report ("CTR") with the federal government when more than $10,000 in currency is deposited in to or withdrawn from an account.

(e)     Fifth Third Bank is a domestic financial institution, and is regulated by the Federal Deposit Insurance Corporation.

(f)     At various times during the period charged in the Information, the Defendant, knowing of Fifth Third Bank's legal obligation to file a CTR for transaction in excess of $10,000, deposited cash in amounts of $10,000 or less per transaction for the purpose, and with the intent to avoid the issuance of a CTR. Between November 28, 2011 and August 12, 2012, fourteen (14) currency deposits were structured into Fifth Third Bank account ending in *9896 on the Defendant's behalf, totaling $122,028.00.

4.     The maximum statutory punishment is a fine of not more than $1,000,000. A mandatory special assessment of $400 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.     The Defendant agrees to have the Rising Dough, INC. officer who signs this Plea Agreement on behalf of Rising Dough, INC. present in Court to enter the guilty plea.

6.     The Defendant agrees to provide to the United States a resolution signed by all Rising Dough, INC. officers agreeing to the Plea Agreement prior to the date of arraignment in this matter. The Defendant understands the resolution will be attached to this Plea Agreement for review by the Court.

7.     The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8.     On November 26, 2012, the United States seized $106,220.20 from Defendant's Fifth Third Bank Account ending in *9896. The Defendant is the sole claimant in the IRS administrative forfeiture process of the seized funds. The Defendant agrees to withdraw its claim for the $106,220.20 seized by the United States prior to the date of arraignment in this matter. The Defendant acknowledges that these funds constitute property (or funds traceable thereto) involved in violations of 31 U.S.C. § 5324 and are therefore subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317 and/or 18 U.S.C. § 981. Upon the withdrawal of the claim for the $106,220.20 seized by

the United States, the United States will withdraw the forfeiture allegation set forth in the Information.

9. The United States agrees not to seek a fine in this matter. However, if the Court imposes a fine on the Defendant, the Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this Plea Agreement. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office.

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit

reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: Oct. 2, 2014    By: _____
Kathryn Anderson
Assistant United States Attorney

Date: Oct. 2, 2014    _____
Rising Dough, Inc.
Defendant

By:

Date: Oct 2, 2014

_____
Burl McCoy
Attorney for Defendant

**APPROVED**, this 7th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE